PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALAN KOZAK, *et al.*, ) | |
| ) | CASE NO. 5:22-CV-2018 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| ARCHER DANIELS MIDLAND CO., ) | |
| dba ADM ANIMAL NUTRITION, *et al.*, ) | **SHOW CAUSE ORDER** |
| ) | |
| Defendants. ) | |

Based on the Court's inherent power and duty to ensure that the requirements for subject-matter jurisdiction are satisfied in all cases, the Court issues this Order to show cause why this matter should not be remanded. Such power includes the authority to inquire into the facts supporting a declaration of jurisdiction contained in pleadings. See *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936).

On October 4, 2022, Plaintiffs, who are residents of Ohio, filed a state court action against Defendants to recover product liability damages. Plaintiffs seek compensatory damages in excess of twenty-five thousand dollars ($25,000.00), punitive damages, reasonable attorneys' fees, costs pertaining to the action, and any and all other relief as the Court deems just and equitable. ECF No. 1-2 PageID #: 37.

(5:22-CV-2018)

Defendants timely removed the above-entitled action to the Court on November 8, 2022.[1] The Notice of Removal (ECF No. 1) states that subject-matter jurisdiction before the Court rests on diversity of citizenship.  The Notice states that removal is proper pursuant to 28 U.S.C. § 1332 because removal is timely, the amount in controversy is more than $75,000, and there is complete diversity of citizenship.  Defendants acknowledge that while Plaintiffs named Defendant Kevin Steele in their complaint as a non-diverse party, "Plaintiffs fraudulently joined non-diverse Defendant Steele in an effort to defeat diversity of citizenship jurisdiction."  ECF No. 1 at PageID #: 4.  Therefore, Defendants contend that Defendant Steele's citizenship is irrelevant to the determination of subject-matter jurisdiction and complete diversity of citizenship exists amongst all non-fraudulently joined parties.  ECF No. 1 at PageID #: 14.

The Sixth Circuit addressed the issue of fraudulent joinder in *Walker v. Philip Morris USA, Inc.*:

> There can be no fraudulent joinder unless it [is] clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . Therefore the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. [Restated,] the question [is] whether there was any reasonable basis for predicting that [Plaintiffs] could prevail.

*Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 954–55 (6th Cir. 2011).  Defendants claim that Plaintiffs have not brought any colorable claims against Defendant Steele because all of Plaintiffs' claims against Defendant Steele improperly treat him as a "supplier" under the Ohio Products Liability Act.

---

[1] Defendant Steele was served on October 11, 2022 and Defendant Archer Daniels Midland Co. was served on October 24, 2022.  ECF No. 1 at PageID #: 1.  Defendants filed their Notice of Removal within 30 days after their receipt of a copy of Plaintiffs' initial pleading pursuant to 28 U.S.C. § 1446.

2

(5:22-CV-2018)

For the foregoing reasons, it is hereby ordered that Plaintiffs shall be given until December 8, 2022 to show cause why they have colorable claims against Defendant Steele and why the Court does not have subject-matter jurisdiction over this action.

IT IS SO ORDERED.

| | |
|---|---|
| November 28, 2022 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |