PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| ALAN KOZAK, *et al.*, | ) |
| Plaintiffs, | ) CASE NO.  5:22-CV-2018 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| ARCHER-DANIELS-MIDLAND CO., | ) |
| dba ADM ANIMAL NUTRITION, *et al.*, | ) **ORDER** |
| | ) [Resolving ECF No. 15] |
| Defendants. | ) |

Pending before the Court is Plaintiffs' Motion for Remand (ECF No. 15) in response to the Court's Order (ECF No. 10) requesting that Plaintiffs show cause why they have colorable claims against Defendant Kevin Steele and why the Court does not have subject-matter jurisdiction over this action.  Defendants filed a reply to Plaintiffs' Motion, opposing the remand. ECF No. 16.  For the following reasons, the Court grants Plaintiffs' Motion for Remand.

## I. Background

Plaintiffs filed a complaint against Defendants under the Ohio Products Liability Act ("OPLA") with the Holmes County Court of Common Pleas.  Two of the three defendants are diverse, but one defendant, Kevin Steele, is non-diverse.  Claiming diversity jurisdiction, Defendants removed this case from the Holmes County Court of Common Pleas, alleging that Plaintiffs fraudulently joined Defendant Kevin Steele to defeat the Court's subject-matter jurisdiction.  Plaintiffs request that the Court remand this matter to the Holmes County Court of Common Pleas, arguing that the Court lacks diversity jurisdiction because the only non-diverse defendant is not fraudulently joined and that Plaintiffs have colorable claims against him.

(5:22-CV-2018)

Defendants retort that removal was proper because Plaintiffs do not have colorable claims against Defendant Kevin Steele, whom Defendants maintain should be dismissed from this action because he is not a supplier subject to liability under the OPLA.

## II. Standard of Review

When ruling on a motion to remand involving fraudulent joinder allegations, the Court must evaluate all factual allegations in the light most favorable to the plaintiff, including "summary-judgment-type evidence" such as affidavits. *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 954 (6th Cir. 2011). The analysis of a motion to remand is "similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432–33 (6th Cir. 2012) (citing *Walker*, 443 Fed.Appx. at 952–54).

Defendants who remove cases to federal court based solely on diversity jurisdiction "may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). To establish fraudulent joinder, Defendants bear the burden of clearly establishing that Plaintiffs cannot recover "under the law of the state on the cause alleged or on the facts in view of the law." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (citation omitted); *see also Walker*, 443 F. App'x at 954–55.

## III. Discussion

Plaintiffs and Defendants disagree on whether Defendant Steele is considered a supplier subject to liability under the OPLA and whether Plaintiffs have any colorable claims against Defendant Steele. Under the OPLA, a supplier is defined as a "person that, in the course of a business conducted for the purpose, sells, distributes, leases, prepares, blends, packages, labels, or otherwise participates in the placing of a product in the stream of commerce." Ohio Rev. Code

2

(5:22-CV-2018)

Ann. § 2307.71(A)(15)(a)(i). The OPLA also clarifies that a supplier does not include "any person who acts only in a financial capacity with respect to the sale of a product, or who leases a product under a lease arrangement in which the selection, possession, maintenance, and operation of the product are controlled by a person other than the lessor." Ohio Rev. Code Ann. § 2307.71(A)(15)(b)(iv). For Plaintiffs to succeed on a product liability claim against a supplier under the OPLA, they must establish by a preponderance of the evidence that either of the following applies:

> (1) The supplier in question was negligent and that, negligence was a proximate cause of harm for which the claimant seeks to recover compensatory damages;
> (2) The product in question did not conform, when it left the control of the supplier in question, to a representation made by that supplier, and that representation and the failure to conform to it were a proximate cause of harm for which the claimant seeks to recover compensatory damages. A supplier is subject to liability for such a representation and the failure to conform to it even though the supplier did not act fraudulently, recklessly, or negligently in making the representation.

Ohio Rev. Code Ann. § 2307.78. Thus, taking these OPLA provisions together, the Ohio Supreme Court has interpreted the term "supplier" to only include persons who "exercise a requisite level of control over a product," which may involve "actions such as the selection, possession, maintenance, and operation of the product." *Stiner v. Amazon.com, Inc.*, 162 Ohio St. 3d 128, 132, 164 N.E.3d 394, 398–99 (2020).

During the relevant time period, Defendant Steele was employed by Defendant Archer-Daniels-Midland Co. as a Commercial Feed Specialist. Throughout Defendant Steele's interactions with Plaintiffs, he acted within the scope of his employment with Archer-Daniels-Midland Co. ECF No. 1-3 at PageID #: 60. As a Commercial Feed Specialist, Defendant Steele's role consisted of facilitating the sale of Archer-Daniels-Midland Co.'s products, which

3

(5:22-CV-2018)

involved negotiating pricing and conveying questions and other information regarding the custom milk replacer formula Plaintiffs purchased from Defendants. ECF No. 1-3 at PageID #: 58–59. Defendant Steele denies developing, manufacturing, and quality testing the custom milk replacer. ECF No. 1-3 at PageID #: 59. Furthermore, Defendant Steele states that he neither played a role in fulfilling the order nor delivering the product to Plaintiffs. ECF No. 1-3 at PageID #: 59.

Plaintiffs allege that Defendant Steele is a supplier subject to liability under the OPLA because he was the face of the sale and the primary negotiator of the sale of the milk replacer product. Prior to finalizing the sale of the custom milk replacer with Plaintiffs, Defendant Steele made express representations about the product that Plaintiffs relied on when they ultimately agreed to purchase the product. Plaintiffs viewed Defendant Steele as a *bona fide* expert with extensive knowledge of the products. Moreover, Plaintiffs contend that additional discovery is required to determine whether Defendant Kevin Steele is categorized as an employee or independent contractor of Archer-Daniels-Midland Co. because the determination of Defendant Steele's employment status may inform the extent to which he is individually liable for damages under the OPLA.

Defendants argue that Defendant Steele has been employed by Archer-Daniels-Midland Co. since 2017 and that, regardless of his employment status, Defendant Steele is merely a conduit of information and did not exercise control over the product. Defendant Steele states that all his knowledge and representations of the custom milk replacer were derived from information he was given by Archer-Daniels-Midland Co. and Milk Specialties; thus, he cannot be categorized as a supplier subject to individual liability under the OPLA. ECF No. 1-3 at PageID #: 60; see *Hall v. OrthoMidwest, Inc.*, 541 F. Supp. 3d 802, 811 (N.D. Ohio 2021)

4

(5:22-CV-2018)

("Ohio law does not impose liability where a supplier does nothing more than pass along the manufacturer's statements because that representation is not the supplier's").

Contrary to Defendants' position, however, Defendant Steele's employment status is critical to the determination of his liability under OPLA. It is undisputed that Defendant Steele was employed by Archer-Daniels-Midland Co. Being employed, however, does not automatically lend itself to the assumption that the person is an employee and not an independent contractor for the purposes of liability determination. Under the doctrine of *respondeat* superior, employers are vicariously liable for the torts of their employees or agents, but not for the negligence of an independent contractor. See Clark v. Southview Hosp. & Fam. Health Ctr., 68 Ohio St. 3d 435, 438, 628 N.E.2d 46, 48 (1994). Plaintiffs claim both supplier negligence and supplier misrepresentation against Defendant Kevin Steele. ECF No. 1-2 at PageID #: 32–33. The facts currently available indicate that Plaintiffs may have colorable claims against Defendant Steele if he were considered an independent contractor and supplier subject to OPLA liability given his role in facilitating the sale of the product. Without additional discovery, however, there are insufficient facts to make proper determinations regarding Defendant Steele's employment status and liability under the OPLA, at this time. Additional discovery is necessary to resolve these questions of fact and to determine the validity of Plaintiffs' claims against Defendant Steele.

Having reviewed the parties' briefings and relevant exhibits in the light most favorable to Plaintiffs, the Court finds that Defendants have not met their burden of establishing that Defendant Steele was fraudulently joined. Additional discovery is warranted to determine whether Defendant Steele can be held individually liable as a supplier under the OPLA. Given that Defendant Steele, a non-diverse party, will remain a party in the case, the Court lacks

(5:22-CV-2018)

subject-matter jurisdiction and must remand this matter to the Holmes County Court of Common Pleas.

## IV. Conclusion

Accordingly, the Court grants Plaintiffs' Motion to Remand (ECF No. 15) and remands the matter to Holmes County Court of Common Pleas.

IT IS SO ORDERED.

| | |
|---|---|
| January 25, 2023 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |